UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDGAR CARVAJAL, | Civil Action No. 13-5909 (WJM) |
| Petitioner, | |
| v. | **MEMORANDUM OPINION** |
| OSCAR AVILES, | |
| Respondents. | |

**MARTINI, District Judge**:

1. Edgar Carvajal, a native and citizen of the Dominican Republic, is detained by the Department of Homeland Security ("DHS") at Hudson County Correctional Facility in New Jersey. On September 17, 2013, he filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Southern District of New York. On September 30, 2013, Judge Loretta Preska transferred the case to this Court.

2. In his Petition, Petitioner challenges his detention since June 17, 2013, without a bond hearing on the following grounds: (a) Petitioner is not subject to mandatory pre-removal-period detention pursuant to 8 U.S.C. § 1226(c) because DHS did not take Petitioner into custody when he was released from criminal incarceration; (b) Petitioner is not subject to mandatory detention because he has a substantial challenge to his removal; (c) *In re Joseph,* 22 I.& N. Dec. 660 (B.I.A. 1999), and 8 C.F.R. § 236.1 violate Due Process and Equal Protection of the laws; (d) Petitioner is entitled to damages because DHS officials arrested him without probable cause and conducted an unreasonable search on June 17, 2013, in violation of the Fourth Amendment, his right to privacy, and state law.

3. In accordance with Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b), *see* 28 U.S.C. § 2254 Rules 1(b), this Court has screened the Petition for dismissal.   For the reasons set forth below, the Court will dismiss the Petition.

4. In Ground One, Petitioner challenges his pre-removal period mandatory detention pursuant to 8 U.S.C. § 1226(c) based on the alleged failure of DHS to take him into custody immediately upon his release from criminal incarceration for an offense listed in § 1226(c). (Petition, First Cause of Action, ECF No. 2 at 6.)   Such a claim is foreclosed by *Sylvain v. Attorney General,* 714 F.3d 150 (3d Cir. 2013), wherein the Third Circuit held that DHS retains the authority to take aliens into mandatory detention under § 1226(c) even if it does not do so immediately upon their release from criminal custody.   This Court will dismiss Petitioner's first claim for habeas relief pursuant to *Sylvain.*

5. In Ground Two, Petitioner challenges his pre-removal-period mandatory detention pursuant to 8 U.S.C. § 1226(c) on the ground that he "is eligible for relief such as cancellation of removal pursuant to 212(h) of INA, or Convention Against Torture.   Because Petitioner has a substantial claim that he is not removable, he is not 'deportable' or []'inadmissible'[] within the meaning of 8 U.S.C. § 1226(c), and his mandatory detention is not authorized by the statute." (Petition, Second Cause of Action, ECF No. 2 at 8.)   In support of this claim, he maintains:   "In light of the serious constitutional problems that would be raised if the statute were construed as requiring the mandatory detention of non-citizens with substantial challenges to removal – and in the absence of any indication that Congress intended this result – the phrase 'is deportable' []or 'inadmissible'[] in 8 U.S.C. § 1226(c) must be construed as not applying to Petitioner."   *Id.*

6. Petitioner does not plead sufficient facts to support Ground Two. He concludes that his challenge to removal pursuant to section 212(h) and pursuant to the Convention Against Torture are "substantial," but he does not plead facts suggesting the way in which his challenges to removal are more substantial than the challenges raised by any other detainee. Moreover, he does not identify the nature of the significant constitutional question that would be avoided if this Court were to construe § 1226(c) as excluding from its reach the mandatory detention of a covered alien who claims to have a substantial challenge to his or her removal. In the absence of factual support for his conclusory statements, Petitioner's pleading of Ground Two is insufficient to avoid summary dismissal of this ground without prejudice. *See United States v. Thomas,* 221 F.3d 430, 437-38 (3d Cir. 2000) (holding that habeas claim supported by vague and conclusory allegations may be summarily dismissed without further investigation); *see also Mayle v. Felix,* 545 U.S. 644, 649 (2005) (noting that a habeas "petition is expected to state facts that point to a real possibility of constitutional [or legal] error") (citation and internal quotation marks omitted); *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Habeas corpus petitions must meet heightened pleading requirements.")

7. In Grounds Three and Four, Petitioner claims that he is not subject to mandatory detention under § 1226(c) because "8 C.F.R. § 236.1; *In re Joseph I,* 22 I.&N. Dec. 660, 668 (B.I.A. 1999) is capricious, arbitrary and shocks the community that values Due Process." (Petition, Third Cause of Action, ECF No. 2 at 9.)

8. The regulation set forth at 8 C.F.R. § 236.1 generally governs the apprehension, custody, and detention of aliens prior to an order of removal. *See* 8 C.F.F. § 236.1. The decision of the Board of Immigration Appeals ("BIA") entitled *In re Joseph,* 22 I.&N. Dec. 660, deals with

the question of whether an alien "remains 'subject to' section [1226(c)(1)] for automatic stay purposes after an Immigration Judge has decided that he is not" and the government appeals that decision to the BIA.  *In re Joseph,* 22 I.&N. Dec. at 668.   The BIA ruled that, "[u]ntil there is an administratively final order, the alien remains in removal proceedings based on the charged grounds of removal, and the rules in section [1226(c)] and its implementing regulations apply." 22 I.&N. at 668, 669.

     9.   Petitioner's pleading does not suggest how the cited regulation and BIA decision violate Due Process or Equal Protection in his case.   This Court finds that Petitioner has not pled sufficient facts to avoid summary dismissal of Grounds Three and Four.

     10.   In his fifth, sixth, seventh and eighth grounds, Petitioner seeks damages for violation of his Fourth Amendment rights (Fifth Cause of Action), deliberate negligence in exceeding the scope of the search (Sixth Cause of Action), invasion of privacy (Seventh Cause of Action), and intentional infliction of mental distress (Eighth Cause of Action).   (Petition, ECF No. 2 at 10-14.)   However, because damages are not an available form of relief under 28 U.S.C. § 2241, this Court lacks habeas jurisdiction over Petitioner's requests for damages.   *See Cardona v. Bledsoe*, 681 F.3d 533 (3d Cir. 2012) (holding that District Court lacks habeas jurisdiction to entertain claim that prison officials referred him to the Special Management Unit as punishment for filing lawsuits against Bureau of Prisons); *Bonadonna v. United States*, 446 F.App'x 407 (3d Cir. 2011) (holding that District Court properly dismissed § 2241 petition seeking restoration of soft shoes pass because claim did not challenge the duration or fact of his confinement).   If Petitioner wants to

4

pursue a claim for damages, then he must do so by filing a separate civil rights complaint stating cognizable damage claims against the proper defendants.[1]

11.  Because the Petition, as written, does not show that Petitioner is entitled to habeas relief under 28 U.S.C. § 2241, this Court will dismiss the Petition.

12.  An appropriate Order accompanies this Memorandum Opinion.

s/William J. Martini

**WILLIAM J. MARTINI, U.S.D.J.**

Dated: February 26, 2014

---

[1] This Court will direct the Clerk to supply a complaint form and *in forma pauperis* form to Petitioner.